UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 18-080-DCR |
| V. | ) ) | |
| DAMINE ALEXANDER GREEN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Damine Green pleaded guilty to knowingly and intentionally distributing more than 28 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 197 months of imprisonment on December 7, 2018.[1] [Record No. 33] Green did not appeal his sentence or file a motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255.[2] However, Green has now filed a *pro se* motion, arguing that he is entitled to resentencing because he was erroneously considered a career offender under section 4B1.1 of the United States Sentencing Guidelines.

Section 4B1.1 of the Guidelines provides as follows:

[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior

---

[1] Green was subject to a statutory minimum sentence of 10 years' imprisonment and a maximum of life. His advisory guidelines range was 262 to 327 months of imprisonment.

[2] Green waived the right to appeal his guilty plea and conviction, although he retained the right to appeal his sentence. Except for claims of ineffective assistance of counsel, he waived the right to collaterally attack his guilty plea, conviction and sentence. [Record No. 27, p. 4]

felony convictions of either a crime of violence or a controlled substance offense.

A "controlled substance offense" is

[a]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Green's presentence investigation report ("PSR") identifies three prior convictions that meet this definition. First, Green was convicted of trafficking in a controlled substance, first-degree, in Fayette Circuit Court on September 15, 2006. He was sentenced to five years' imprisonment. [Docket No. 06-CR-483] He was again convicted of first-degree trafficking in Fayette Circuit Court on December 7, 2006, and was sentenced to five years' imprisonment, to run consecutively with any other previous felony sentence. [Docket No. 06-CR-1327] He was paroled in both cases on July 23, 2008. Finally, he was convicted of first-degree trafficking for a third time in Fayette Circuit Court on April 22, 2016. This time, he was sentenced to 14 years' imprisonment, but was paroled on March 30, 2017.[3] [Docket No. 15-CR-637]

The defendant contends that he is entitled to be resentenced under the decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). In that case, the United States Court of Appeals for the Sixth Circuit held that Application Note 1 to U.S.S.G. § 4B1.2 erroneously expanded

---

[3]   The United States has provided copies of the indictments and judgments in these cases in response to the defendant's motion. Additionally, the Court notes that Green did not object to the inclusion of these prior convictions in his PSR.

the definition of "controlled substance offense" by adding attempt crimes, which are not included in the text of section 4B1.2.  Havis had been convicted under Tennessee law, which defined "delivery" of drugs as "the actual, constructive, or attempted transfer from one person to another of a controlled substance." *Id.* at 384 (quoting Tenn. Code Ann. § 39-17-402(6)).  Because the Court was required to assume that Havis had been convicted of the least culpable conduct (i.e., attempt), the offense did not constitute a controlled substance offense for purposes of § 4B1.1.

As an initial matter, it is unclear what procedural mechanism the defendant would use to bring a challenge under *Havis*.  A sentence that has been finally imposed generally may not be modified.  *See* 18 U.S.C. § 3582(c).  *See also Snider v. United States*, 908 F.3d 183 (6th Cir. 2018) (challenge to career offender status, originally correct under advisory guidelines, was not cognizable under 28 U.S.C. § 2255).  Regardless, Green's reliance on *Havis* is misplaced.  Unlike the Tennessee statute at issue in *Havis*, the Kentucky first-degree trafficking statute does not include attempt and "traffic" is defined as "means to manufacture, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance." K.R.S. §§ 218A.010; 218A.1412.  Accordingly, *Havis* would not affect the validity of the defendant's predicate convictions.

Green uses his claim under *Havis* as a springboard to argue summarily that he did not understand his plea agreement and, therefore, his guilty plea was involuntary.  However, a subsequent change in the law does not render a plea agreement unknowing or involuntary.  *United States v. White*, 129 F. App'x 197, 205 (6th Cir. 2005) (citing *United States v. Bradley*, 400 F.3d 459, 464 (2005)).  Additionally, Green's Plea Agreement indicates that "[n]o agreement exist[ed] about the Defendant's criminal history pursuant to U.S.S.G. Chapter 4."

Accordingly, it is unclear how the defendant's alleged misunderstanding about his criminal history impacted his decision to plead guilty.

Finally, Green asks the Court to appoint counsel because he is indigent "and a hearing may be needed to determine facts." The decision to appoint counsel lies within the Court's discretion and is only required where the interests of justice or due process so require. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). A hearing is not necessary to resolve the defendant's motion. As explained in this opinion, the Court is able to determine from the record that the defendant is not entitled to relief. Accordingly, the defendant has not demonstrated that appointment of counsel is appropriate.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for resentencing [Record No. 36] is **DENIED**.

Dated: November 10, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky